CASE 23—PETITION ORDINARY—MARCH 15.

# Cincinnati, &c R. Co. v. Louisville & Nashville R. Co.

### APPEAL FROM BOYLE CIRCUIT COURT.

1. JOINT WRONGDOERS — RIGHT OF ONE TO INDEMNITY FROM THE OTHER.—Where passengers on the cars operated by one railroad company are injured by a collision with the cars of another company at a crossing of the two roads, and the former company is compelled to pay damages to its passengers for the injuries they have sustained, it can not look to the latter company for indemnity upon an allegation that the injuries were caused "wholly" by the negligence of the latter company. Failing to allege facts showing it was in fact liable as between it and its passengers, it will be regarded as one who has compensated the passengers for a wrong done them by another and then seeks to be substituted to their rights, which can not be done.

2. SAME.—Even though the carrier which has been compelled to respond in damages to its passengers was in fact liable, still it can not look to the other carrier for indemnity or contribution, unless it shows it was not an actual participant in the commission of the injury. If both companies were actual participants in the wrong, they will be regarded as in pari delicto without regard to the relative degrees of their neglect, and the one which has been compelled to pay is not entitled to indemnity or contribution from the other. The cases in which wrongdoers are held as not being in pari delicto are where the one asking for indemnity was not an actual participant in the wrong, but his liability arose by reason of the negligent act of some one acting under his authority, from whom he seeks indemnity.

3. PASSENGER CARRIERS.—It is the duty of a railroad company to exercise the utmost degree of human care, diligence and skill in order to carry its passengers safely. But it is not an insurer of the life or person of the passenger, and can only be made liable on the ground it has failed to exercise this extraordinary care and diligence for his safety.

4. RIGHT OF ACTION FOR INJURY TO CARS.—If the company seeking indemnity in this case were seeking to recover for the injury to its cars the fact that the injury was caused "wholly" by the negligence of defendant would be sufficient to entitle it to recover.

EDWARD COLSTON, C. B. SIMRALL AND GEORGE HOADLEY. JR., FOR APPELLANT.

1. When the plaintiff said that the accident in question was caused wholly by the negligence of the defendant, it did not say that it was free from that degree of fault that might make it liable to its passengers, but only that it was not negligent to the extent that would prevent its recovering against defendant. (L. & N. R. Co. v. E., T., V. & G. R. Co., 60 Fed. Rep., 995.)

2. It will be claimed that if plaintiff was in the exercise of ordinary care so that defendant might be made liable to it for this accident, then the plaintiff was not liable to its passengers for the injuries suffered by them, and its payments to them were unnecessary and not the result of plaintiff's negligence. This assumes that the measure of plaintiff's duty to its passengers was to exercise ordinary care for their safe transportation. Such is not the law, however. (Kellon v. Central Iowa R. Co., 23 N. W. Rep., 740; L. & N. R. Co. v. E., T., V. & G. R. Co., 60 Fed. Rep., 995; L. & N. R. Co. v. Ritter's Adm'r, 85 Ky., 370.)

3. Where the parties are not *in pari delicto*, but one of them has been made liable to a stranger by the fault of the other, he may recover against that other what he has been forced to pay to the stranger by his fault. (Lowell v. Boston & Lowell R. Co., 23 Pick., 24; Gray v. Boston Gas Light Co., 114 Mass., 149; Churchill v. Holt, 127 Mass., 165; Chicago v. Robbins, 2 Black, 418; Brooklyn v. Brooklyn City R. Co., 47 N. Y., 475; Campbell v. Somerville, 114 Mass., 334; Minneapolis Mill Co. v. Wheeler, 31 Minn., 121; Boston v. Worthington, 10 Gray, 496.)

4. The action is not barred by limitation. The injury to plaintiff is quite distinct from that to its passengers, and the limitation of one year does not apply.

JOHN W. YERKES OF COUNSEL ON SAME SIDE.

R. P. JACOBS FOR APPELLEE.

1. The allegation of negligence without further statement of facts as to the duty of appellee and the facts constituting the negligence is not sufficient.    (9 Bush, 527.)

2. The carrier of passengers is not, as in the case of carriers of goods, an insurer of absolute safety.    (2 Duv., 556; Shearman & Redfield on Negligence, sec. 265; Beach on Contributory Negligence, 2 ed., sec. 144.)

3. If appellant was guilty of contributory negligence, it had no cause

of action against appellee.   If it was not guilty of negligence that contributed to the injury, it was under no liability to the passengers injured, and its payments to the passengers were purely voluntary.   (Shearman & Redfield on Negligence, sec. 265.)

4. The payments to the passengers being purely voluntary, and there being no assignment from the passengers of their claims, if any, appellant had no cause of action against appellee.   (3 Bibb, 529; 3 Litt., 426; 10 B. M., 315.)

5. Appellee, if liable at all, is liable for a tort, and appellant's right of action is barred by limitation.   (Gen. Stats., chap. 71, art. 3, sec. 3.)

H. W. BRUCE AND JNO. McCHORD OF COUNSEL ON SAME SIDE.

CHIEF JUSTICE PRYOR DELIVERED THE OPINION OF THE COURT.

This action was instituted in the Boyle Circuit Court by the Cincinnati, New Orleans & Texas Pacific Railway Company against the Louisville & Nashville Railroad Company upon the following state of. facts:

The plaintiff in operating its railroad extending from Cincinnati, Ohio, to Chattanooga, Tenn., as a carrier of passengers and freight, had to cross certain railroad tracks of the defendant at Junction City, in the county of Boyle, and the manner as well as the time of crossing was known to the defendant or its agents in charge of the operation of its trains at that place.

That in November of the year 1890, with a passenger train of the plaintiff operated in the customary way when crossing the defendant's track at Junction City, the defendant through the gross negligence of its agents in charge of defendant's train on the road of defendant caused the engine and train on defendant's road to run into the train of the plaintiff and break and destroy its cars.

That at the time the plaintiff had in its cars numerous passengers (naming them), under a contract of safe carriage between certain terminal points on its road.   These passen-

gers were in the car that was demolished, and each and all
of them received severe bodily injuries by reason of the col-
lision, and that by reason of its obligation to carry them
safely the plaintiff became liable to, and was compelled to
pay and did pay to, said persons so injured divers sums of
money (naming the amounts) making in all the sum of
$2,827.67.

The plaintiff, after reciting these facts, the substance of
which is given, made the following averments in his
petition: "Plaintiff says that said injuries to said pas-
sengers for which it became liable, and for which
plaintiff was compelled to pay and did pay said sums, *was
occasioned wholly* by the negligence of the defendant in run-
ning its engine into plaintiff's train, and thereby injuring
said passengers who were being carried on plaintiff's train
in the way and manner stated.

"Plaintiff says the loss sustained by it in the payment of
said sum of $2,827.67 to said persons aforesaid *was occa-
sioned wholly* by the negligence of the defendant in running
its said engine into the train of this plaintiff as aforesaid,
and in injuring the plaintiff's passengers as aforesaid."

Judgment is then asked for the amount paid in damages,
etc.   A general demurrer was sustained to the petition, the
court below holding the facts alleged presented no cause of
action.

The questions arising on the demurrer are interesting as
well as important, and if the averments of the petition pre-
sented such facts as the argument of counsel for the appel-
lant contended this court must assume existed, there would
be much reason for holding the appellant entitled to recover.
The claim of the appellant and the right of recovery is based
solely upon the alleged negligence of the appellee, not for
an injury to the property of the latter but for an injury to

the persons of its passengers, with whom the appellant had contracted to carry safely from one point of its road to another.

It was the duty of the appellant, as held by this court in the case of L. &. N. R. Co., v. Ritter's Adm'r, 85 Ky., 368, to exercise the utmost degree of human care, diligence and skill in order to carry its passengers safely, and while recognizing this as the well-settled rule on the subject, the carrier is not an insurer of the life or person of the passenger, and can only be made liable on the ground that it has failed to exercise this extraordinary care and diligence for his safety. If, therefore, this is a case where the one company has been compelled to pay damages to its passenger by reason of an injury to him caused by the negligence of another company, and for that reason is seeking indemnity, the neglect of the company sought to be charged must not only be alleged, but the further averment of a state of facts showing the right of recovery by the passenger against the company seeking the indemnity, for if no liability existed a voluntary or coercive payment in settlement of the damage sustained will not authorize the assertion of such a claim. The averment that the liability of the appellant and its being compelled to pay the money was caused wholly by the negligence of the defendant, must be construed as meaning that the appellant was entirely blameless, and being without fault assumed the liability of the debt to the passenger for no other reason than his being injured when in appellant's car; or if we must assume, as is contended should be done, that the language *wholly to blame* means the plaintiff was wholly to blame as between the plaintiff and the defendant, still there is no averment of any fact authorizing the conclusion that the appellant was guilty of any negligence, or of such negligence and want of care as would authorize a recovery by the

passenger by reason of the appellant's failure to carry him safely to his destination.

There can be no doubt that a recovery could be had by the appellant against the appellee if the injury to its car was the subject of the action, but for an injury to the passenger in its car caused by a stranger the appellant could not be held liable unless it neglected to use that high degree of diligence required of the carrier for the safety of its passenger.

We are asked to infer from the statements contained in this petition in order to make a cause of action: First, that the words *wholly to blame* apply alone as between the plaintiff and the defendant, and secondly, to assume that some neglect or want of diligence must have been shown on the part of the plaintiff to authorize a recovery by the passenger, or a satisfaction to him by the plaintiff of his demand for compensation.

It is manifest that at such a crossing it was the duty of the appellant, or those in charge of its train, to use every precaution the highest degree of diligence could suggest in order to protect the passenger from danger, or from being injured by approaching trains on the defendant's line of railway, still we are not authorized to say in the absence of any averment that the appellant had failed to discharge its duty in this regard, or if it failed to do so the extent to which its neglect or want of diligence contributed to the injury. If this court is required to assume that the appellant's want of care and diligence gave to the passenger a cause of action against it, for the same reason it might be said that but for appellant's fault the accident would not have happened, or that it was a tortfeasor with the appellee.

The appellant recognizing its liability to the passengers by the payment of this money, and failing to allege facts

showing that such a liability existed, must be regarded in no other light than as one having compensated the passengers for the injury done them by the defendant, and now seeking to be substituted to their rights as against the appellee.

Where both parties are negligent, and one to a less extent than the other, there might be cases in which the greater offender may be held liable by the lesser offender for damages incurred by the joint act. As to personal injuries, where each wrongdoer is the active participant in the commission of the injury, but one to a less degree or extent than the other, we have been cited to no case where contribution can be had. The cases cited as well as the text books establish the rule that where two or more persons unite and are guilty of a tort resulting in injury to another, the injury or damage resulting from their joint or concurrent acts, if one is made liable he can have no claim for indemnity against the other, and on the other hand where one commits the tortious act, and another by reason of his relation to the party committing it is required to account in damages to the party injured, he may recover. (Gray v. Boston Gas Light Company, 114 Mass., 149; Lowell v. Railroad Co., 23 Pick., 24.)

It is under the latter rule the appellant is asserting its claim, and it might be well founded, if the negligent act of the appellee causing such injury to the passenger in appellant's car gave to the appellant a cause of action, as it did for the injury to its car.

The defendant, appellee, was liable to the passenger, and no liability existed on the part of the appellant unless it contributed to the injury, or by reason of its own fault the passenger was placed in danger, and if in such a case the

one less in fault than the other can recover, the facts upon which the recovery is based must be stated.

The class of cases in which wrongdoers are held as not being *in pari delicto* are where the one asking for indemnity was not an actual participant in the wrong, but by reason of the negligent act of some one acting under his authority the liability arises. In the case of Lowell v. Boston & Lowell R. Co., the railroad company was empowered to construct its road across the highway over which the city of Lowell had control, and in excavating across the road barriers were placed near the cut to protect travelers. The workman on one occasion neglected to put up the barriers, having taken them down to enable him to work, a traveler was injured and the city of Lowell being made liable sought indemnity against the railway company and recovered. Illustrations of the rule and its application are also given in that case, as if A with a forged warrant should arrest B and command C, showing him the warrant, to confine B until he could carry him to prison, and C, ignorant of the forgery, confines B and is made liable, C may sue A for indemnity although both are trespassers.

They are not, however, *in pari delicto,* and in such cases the principal offender is held liable; and so in this case the principal offender would be held liable unless it appeared the appellant's negligence at that time contributed to the injury; if so this court would not measure the degree of negligence on the part of either with a view of giving indemnity. That the appellant was grossly negligent or slightly negligent will not be determined for the purpose of ascertaining there was a less degree of neglect on its part causing the injury than on the part of the appellee.

The judgment sustaining the demurrer is therefore affirmed.