## Bonnie et al. v. Maryland Casualty Co.

Nov. 21, 1939.

Squire R. Ogden, Gordon, Laurent, Ogden & Galphin, Wilson W. Wyatt, and Peter, Heyburn, Marshall & Wyatt for appellants.

Attkisson & Attkisson and Eugene P. Attkisson for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

The appellee, Maryland Casualty Company, hereinafter referred to as the Insurance Company, issued a policy of sprinkler leakage insurance to the Kentucky Grocery Company in January, 1936. The Grocery Company's place of business is 121 West Main Street, Louisville. The appellants, Bonnie Brothers, were the lessees of a vacant building at 127 West Main. Both of these buildings were equipped with a sprinkler system. There were two buildings between the one occupied by the Grocery Company and that occupied by Bonnie Brothers. On February 24, 1936, the valve which connected a 6 inch water pipe coming in from the street with the sprinkler system froze and burst in the Bonnie Brothers building. This valve, which had been cut off, was some 15 feet below the street level. Water seeped from the sub-basement of the Bonnie Brothers building into the sub-basement of the building occupied by the Grocery Company, thereby causing considerable damage to the company's stock of goods.

The Insurance Company settled with the Grocery Company for the damage done by the seepage of the water and received an assignment therefrom subrogating it to all rights against the party who might be held liable for the loss. The Insurance Company then filed this action against Bonnie Brothers seeking to recover the $1,941.81 paid the Grocery Company. Bonnie Brothers answered denying the allegations of the petition. They moved for a peremptory instruction at the close of the plaintiff's evidence, and also at the conclusion of all the evidence. These motions were overruled. The jury found for the Insurance Company and judgment was entered accordingly; hence this appeal.

Reversal is urged upon the following grounds: (1) The evidence is not sufficient to establish that Bonnie Brothers were negligent; and (2) the Insurance Company has no right as a matter of law to maintain this action. Having reached the conclusion that the appellants' second contention is well grounded, insofar as the coverage of the policy is concerned, it becomes unnecessary to discuss the first ground urged for reversal.

If the Insurance Company was not liable for the loss under the policy of sprinkler leakage insurance, it goes without saying that it could not be subrogated to any claim of the Grocery Company against Bonnie Brothers. Vance v. Atherton, 252 Ky. 591, 67 S. W.

(2d) 968. If, however, it was liable under the policy, it could be subrogated to the Grocery Company's claim. National Surety Corporation v. First National Bank, 278 Ky. 273, 128 S. W. (2d) 766.

By its terms the policy insured the Grocery Company:

"* * * against all *direct loss and damage by 'sprinkler leakage,'* except as herein provided, to an amount not exceeding Twenty Thousand and no/100 Dollars, to the interest of the insured in or in connection with the following property while located and contained as described herein, but not elsewhere, to-wit: * * *"

"Sprinkler leakage" is defined as:

"Wherever in this policy the term 'Sprinkler Leakage' occurs, it shall be held to mean leakage or discharge of water or other substance from within the 'Automatic Sprinkler System' resulting in loss or damage to property described herein."

"The Automatic Sprinkler System" is described as:

"Wherever in this policy the term 'Automatic Sprinkler System' occurs, it shall be held to mean Automatic Sprinkler heads, sprinkler pipes, valves, fittings, tanks, pumps, and all private fire protection mains, connected with and/or constituting a part of the Automatic Sprinkler System; but does not include Non Automatic Sprinkler Systems, hydrants, stand pipes or hose outlets connected to such Automatic Sprinkler System unless specifically provided by endorsement added hereto."

In the section of the policy dealing with "Tanks" the words "the Automatic Sprinkler System" appear again. The policy further provides that the Company shall not be liable for loss or damage to the Automatic Sprinkler System "unless such liability is specifically assumed." There is a provision also that the Company shall not be liable, unless otherwise provided by agreement in writing, for any part of "a newly installed Automatic Sprinkler System," or for damage "from repairs, alterations and/or extensions to the 'Automatic Sprinkler System,' or buildings, except that ordinary minor repairs necessary to the care and maintenance of

the 'Automatic Sprinkler System,' or buildings are permitted; * * *.''

It is the contention of the Company that the section on "Hazards not Covered," hereinafter quoted, covers a loss such as the one in the case before us. The appellants contend otherwise. This section reads in part as follows:

"This Company shall not be liable for loss or damage caused directly or indirectly by seepage or leakage of water thru building walls, foundations, sidewalks, or sidewalk lights (unless caused by 'Sprinkler Leakage'), or by condensation or deposits on the 'Automatic Sprinkler System,' or by floods, inundation, or backing up of sewers or drains, or by the influx of tide water or water from any source other than the 'Automatic Sprinkler System,' * * *''

As already indicated, we are of the opinion that the wording of the sections of the policy just referred to shows clearly that the policy was meant to cover damage resulting from the Automatic Sprinkler System in the building occupied by the Grocery Company, and not from a sprinkler system in any other building.

In support of its contention that the policy did cover the loss the Insurance Company cites our rulings to the effect that the language of insurance policies will be construed most favorably toward the insured and the beneficiaries as against the insurer. Bracket v. Modern Brotherhood of America, 154 Ky. 340, 157 S. W. 690, 45 L. R. A., N. S., 1144; Continental Beneficial Association v. Holt, 167 Ky. 806, 181 S. W. 648. Our rulings to this effect are many, but the rule has no application in a case where we have no doubt as to the interpretation to be given the policy, as is true in the case at bar.

It follows, therefore, that the appellants' motion for a peremptory instruction should have been sustained.

Judgment reversed for proceedings consistent with this opinion.