EMPLOYERS MUTUAL LIABILITY IN-
SURANCE COMPANY OF WISCONSIN,
a corporation, individually, Appellant,

v.

GRIFFIN CONSTRUCTION COMPANY, a
corporation, Appellee (two cases).

Court of Appeals of Kentucky.

June 3, 1955.

Robert M. Odear and Stoll, Keenon & Park, Lexington, Henry G. Boldrick, Lebanon, for appellant.

Allen, Duncan, Duncan & Arnold, Lexington, for appellee.

CLAY, Commissioner.

This controversy involves two separate lawsuits arising out of the same set of facts. On our own motion we have consolidated these appeals and will dispose of both cases in one opinion.

The plaintiff asserted claims against the defendant based on: (1) indemnity under a contract, and (2) contribution under KRS 412.030. On the pleadings judgment was rendered for the defendant in both cases.

Defendant and Inter-County Rural Electric Cooperative Corporation entered into a contract for the construction of an electric distribution system by the defendant. James Peek, an employee of defendant, while at work on the construction job was killed when he came in contact with an energized wire. The employee and defendant were at that time operating under the Workmen's Compensation Act, KRS 342.-001 et seq., and the defendant became liable for compensation payments to the employee's widow and child in the amount of $8,800.

Thereafter the employee's widow as administratrix sued Inter-County to recover damages for Peek's death. In that suit an agreed judgment was entered by virtue of which plaintiff, Inter-County's insurance carrier, paid $14,000 damages. The defendant's insurance carrier intervened in

that suit and recouped the $8,800 the defendant was required to pay the employee's dependents under the workmen's compensation award.

The plaintiff now seeks to recover of the defendant the $14,000 paid in satisfaction of the judgment on the ground of indemnity, or in the alternative it seeks to recover half of that amount by way of contribution. The cases were practiced under the Civil Code of Practice.

1. We will first consider the cause of action based upon the indemnity features of the contract between defendant and Inter-County. The petition alleged that while the defendant had charge and control of the construction project, the employee Peek was killed by coming in contact with an energized wire or line in the electric distribution system. It was further alleged that thereafter Peek's representative filed suit against Inter-County seeking damages "for the wrongful death of the said James Peek".

It is further alleged that plaintiff had issued to Inter-County a policy of insurance whereby it undertook to pay on behalf of Inter-County claims for damage "arising out of or connected with injuries or damages received by any person resulting from the negligence" of Inter-County; that in accordance with the insurance contract and in discharge of its obligations thereunder, the plaintiff settled the claim of Peek's administratrix for $14,000 plus court costs; and that such settlement and the payments made thereunder "were bona fide and proper and were reasonable payments". It is then alleged that by virtue of the contract existing between Inter-County and the defendant the latter is obligated to reimburse the plaintiff, as subrogee, for its loss.

Before taking up the provisions of the contract it is necessary for us to consider the first ground upon which defendant contends the petition fails to state a cause of action. That ground is that the plaintiff, who is Inter-County's insurance carrier, has no right to sue upon the construction contract. The contentions are made that the plaintiff is not the real party in interest,

that it was not a party to the contract, and that it was a "volunteer" in making the payment to the employee's representative under the agreed judgment.

Defendant's first argument is that there was no privity of contract between the plaintiff and defendant because the plaintiff was not a party to the contract and was not a third party beneficiary. This argument overlooks the doctrine of subrogation. We can dispose of it by saying that if the plaintiff was subrogated to the rights of Inter-County and Inter-County had any rights against the defendant, then the plaintiff has a cause of action.

■ The next argument made by defendant is that the plaintiff could not have been subrogated to Inter-County's rights because it is not alleged there was a subrogation agreement in the plaintiff's insurance contract, and there was no formal assignment of the claim. The doctrine of subrogation is not necessarily limited to contract terms or assignments. As stated in 29 Am. Jur., Insurance, Sections 1335 and 1336:

"The general rule is that upon payment of a loss, the insurer, or insurers in the case of coinsurance, is entitled to be subrogated pro tanto to any right of action which the insured may have against a third person whose negligence or wrongful act caused the loss. Although many policies, including policies in the standard form, now provide for subrogation, and thus determine the rights of the insurer in this respect, the equitable right of subrogation is the legal effect of payment, and inures to the insurer without any formal assignment or any express stipulation to that effect in the policy.

\* · \* \* \* \* \*

"The insurer's right of subrogation against third persons causing the loss paid by the insurer to the insured does not rest upon any relation of contract or privity between the insurer and such third person, but arises out of the contract of insurance and is derived from the insured alone."

The equitable doctrine of subrogation is simply one of substitution and may be invoked whenever a party, not a volunteer, satisfies the obligation of another for which a third party is responsible. It is not dependent upon a particular contract but has its roots in the principles of equity. See Federal Deposit Ins. Corporation v. Wilhoit, 297 Ky. 339, 180 S.W.2d 72; Travelers Indemnity Co. v. Moore, 304 Ky. 456, 201 S.W.2d 7; Grubbs v. Slater, Ky. 1953, 266 S.W.2d 85.

While defendant finds fault with this principle of law, its main argument seems to be that the allegations of the petition fail to show the plaintiff, in settling the claim against Inter-County, was under any obligation to do so and it was therefore a volunteer. The objection is that the petition does not show the basis of the claim asserted by Peek's representative against Inter-County, and if Inter-County's liability was not one which would give it a claim against defendant, then of course such claim cannot be asserted by plaintiff. See 42 C.J.S., Indemnity, § 12d; Cincinnati, N. O. & T. P. R. Co. v. Louisville & N. R. Co., 97 Ky. 128, 30 S.W. 408; Bonnie v. Maryland Casualty Co., 280 Ky. 568, 133 S.W.2d 904.

The petition alleges plaintiff insured Inter-County against loss resulting from the negligence of Inter-County. It alleges Peek was killed by coming into contact with an energized line and that suit was brought against Inter-County for "the wrongful death". In discharge of its obligation under its policy, plaintiff allegedly assumed the defense of that action and paid out the $14,000 in satisfaction of that claim. While the petition states conclusions, the effect of the allegations is that Inter-County negligently caused the death of Peek and under its insurance contract plaintiff was obligated to protect Inter-County. Only by pleading negligence of Inter-County could the plaintiff avoid the defense that it was a volunteer, but in avoiding that defense, as will be hereafter noted, it has put itself in a position where it cannot recover on the indemnity features of the contract between Inter-County and the defendant.

Since to sustain the plaintiff's right of subrogation it is necessary for us to say the petition alleges that Inter-County was negligent in causing the death of Peek, the next question is whether or not the contract between Inter-County and defendant may be construed to indemnify Inter-County from the results of its own negligence. The doctrine of equitable subrogation is based upon substantial justice and the balancing of equities, and as an original proposition the plaintiff should not be relieved of liability arising from the negligence of its insured unless under the contract between the insured and the defendant it is clear that the defendant assumed such a risk. It is the general rule that an indemnity contract will be construed to cover only such losses, damages or liability as reasonably appear intended by the parties. 42 C.J.S., Indemnity, § 12. A contract of indemnity will not be construed to indemnify the indemnitee against losses resulting from the latter's negligence unless such intention is expressed in unequivocal terms. 27 Am.Jur., Indemnity, Section 15; 42 C.J.S., Indemnity, § 12. Such interpretation will not be given a contract unless no other meaning can be ascribed to it and every presumption is against such an interpretation. Mitchell v. Southern Ry. Co., 124 Ky. 146, 74 S.W. 216, 24 Ky.Law Rep. 2388.

Plaintiff bases its cause of action on two provisions of the contract between the defendant and Inter-County. They are:

"(a) The Contractor (defendant) shall at no time and under no circumstances cause or permit any employee of the contractor to perform any work upon energized lines, or upon poles carrying energized lines, unless otherwise specified in the notice and instructions to Bidders.

\*      \*      \*      \*      \*      \*

"(f) The project, from the commencement of work to completion, or to such earlier date or dates when the

Owner (Inter-County) may take possession and control in whole or in part as hereinafter provided, shall be under the charge and control of the Contractor and during such period of control by the Contractor all risks in connection with the construction of the project and the materials to be used therein shall be borne by the Contractor. The Contractor shall make good and fully repair all injuries and damages to the project or any portion thereof under the control of the Contractor by reason of any act of God or other casualty or cause whether or not the same have occurred by reason of the Contractor's negligence. The Contractor shall hold the owner harmless from any and all claims for injuries to persons or for damage to property happening by reason of any negligence on the part of the Contractor or any of the Contractor's agents or employees during the control by the Contractor of the project or any part thereof."

These terms of the contract do not seem to us sufficiently broad or unequivocal to impose upon the defendant liability for injuries to employees caused by Inter-County's negligence.

■ According to the allegations of the petition, the employee Peek was killed by coming in contact with an energized wire or line. However, with respect to provision (a), there is no allegation the defendant caused or permitted this employee to perform work upon the line. There is no allegation that the defendant knew the line was energized. There is no allegation that, assuming defendant violated this condition of the contract, it was the sole and proximate cause of Peek's death. The petition fails to state a cause of action for indemnity based upon violation of provision (a).

Under the next provisions of the contract (first two sentences of (f) above quoted), defendant assumed all risks in connection with the construction of the project and materials used therein. The word "risks" in this part of the contract when read in context obviously covers only property damage. The second sentence clarifies the meaning of the first one by relating the risk to "damages to *the project*". (Our italics.) This seems particularly true since the last sentence of this section covers "claims for injuries to persons".

■■ The last provision of the contract to which we have just referred (last sentence of (f), above quoted) provides that the defendant will hold Inter-County harmless from all claims for injuries to persons happening by reason of the defendant's negligence. It is nowhere alleged in the petition that this accident was caused by the negligence of defendant. Assuming that such allegation had been made, then it is clear that the accident was caused by the joint negligence of Inter-County and the defendant. We think the proper construction of this provision is that the defendant would hold Inter-County harmless if its negligence was the sole or primary cause of the injury. At least we cannot construe this part of the contract as undertaking to reimburse Inter-County for damages which occurred by reason of its own negligence.

As we have heretofore discussed, in order for the plaintiff, as subrogee, to maintain this suit at all, the petition must be construed as alleging the negligence of Inter-County caused or contributed to Peek's death. As also discussed, a contract of indemnity will not be construed to indemnify a party against his own negligence unless such intention is clearly manifest and no other interpretation fairly may be ascribed to it. The petition failed to allege a cause of action on the ground of indemnity.

2. In the contribution suit it is alleged that defendant was jointly negligent in causing Peek's death.

The defense is: (1) the Workmen's Compensation Act relieves the defendant of any liability to any one with respect to any claim arising out of the injury or death of an employee, and (2) in no event could the defendant be liable for contribution be-

cause there was no "common liability" to the employee or his representative.

It is plaintiff's contention that KRS 342.-015(1), in providing that where the employer and employee have elected to operate under the Workmen's Compensation Act, the employer shall "be released from all other liability" is effective only as between the employer and the employee and that the employer may under certain circumstances be liable to third parties. Plaintiff relies on Ruby Lumber Co. v. K. V. Johnson Co., 299 Ky. 811, 187 S.W.2d 449, 166 A.L.R. 1215, and other authorities. Without deciding the question we will assume for the purposes of this case that there could exist an independent liability outside the Workmen's Compensation Act as between the plaintiff and the defendant.

The decisive question on this phase of the case is whether or not liability exists on the ground of contribution between joint tort-feasors. Here the plaintiff's claim meets an insurmountable obstacle. Such obstacle is that plaintiff and defendant were not joint tort-feasors as to the employee or his representatives. (We will assume that plaintiff, Inter-County's insurance carrier, occupies the same position in this controversy as Inter-County.)

The allegations of the petition are that it was through the joint negligence of the plaintiff and the defendant that the latter's employee was killed. Admitting joint negligence, it is clear there was no joint liability.

■ The authorities appear overwhelming to the effect that the doctrine of contribution is based upon a common liability to the injured party. 13 Am.Jur., Contribution, Sections 51 and 52; 18 C.J.S., Contribution, §§ 3 and 11 b (5); Consolidated Coach Corporation v. Burge, 245 Ky. 631, 54 S.W.2d 16, 85 A.L.R. 1086; Deatley's Adm'r v. Phillips, Ky.1951, 243 S.W.2d 918; Chesapeake & O. Ry. Co. v. Clayton & Lambert Mfg. Co., 6 Cir., 188 F.2d 68.

This rule appears so well settled that its existence is admitted by the plaintiff, for it is stated in plaintiff's brief, page 28:

"Whether or not such a remedy is available to the plaintiff depends solely on whether or not the requirement of a 'common liability' on the part of both the plaintiff and defendant toward the personal representative of James Peek did in fact exist."

■ It is clear the Workmen's Compensation Act extinguishes the liability of the employer to the employee for negligence of the former. See Davis v. Solomon, Ky. 1955, 276 S.W.2d 674. Plaintiff argues that the employee's common law *cause of action* was not extinguished but that his *remedy* was suspended by the Act. This is simply a play upon words. If the employee cannot recover damages for negligence of the employer, there is no liability of the employer, and consequently there could be no common liability with a third party. An employer operating under the Act cannot be a joint tort-feasor with a third party who injures his employee. Southern Quarries & Contracting Co. v. Hensley, 1950, 313 Ky. 640, 232 S.W.2d 999.

There is substantial authority to the effect that an employer paying workmen's compensation may not be called upon by a third party for contribution, even though the employer was negligent, because the common liability does not exist. 18 C.J.S., Contribution, § 3; Britt v. Buggs, 201 Wis. 533, 230 N.W. 621; Lovette v. Lloyd, 236 N.C. 663, 73 S.E.2d 886; Baltimore Transit Co. v. State, 184 Md. 250, 39 A.2d 858; Norfolk Southern R. Co. v. Gretakis, 162 Va. 597, 174 S.E. 841.

■ It is apparent that because there was no common liability to the employee (or his representatives) there could be no joint obligation, and the plaintiff did not in any sense pay an obligation of the defendant. Plaintiff argues that in fact it did pay an obligation of the defendant because the defendant (through its insurance carrier) recouped the amount it was required to pay under the compensation award from the sum paid into court by the plaintiff in satisfaction of the judgment against it. There are two answers to this contention. The first is that the plaintiff was not paying off a common obligation because the award and the judgment were entirely separate and distinct and based upon entirely

different liabilities. In the second place, when the plaintiff paid the $14,000 into court it was not satisfying an obligation of the defendant but its own tort liability to the employee's representative.

Whether or not the defendant had a right to recoup its compensation payments from the fund paid into court by the plaintiff is not before us. Defendant's counsel frankly admits that there may be doubt concerning the right of a negligent employer to recover back from a third party the amount he had paid by way of compensation. Whether that question could have been presented in the suit against Inter-County or may be urged in some other controversy, it is not in this case.

Plaintiff points to the inequity of permitting the defendant who was allegedly negligent to be exonerated of all loss by way of compensation or otherwise because of the proceedings in the earlier suit. This is an anomalous situation, but we do not have before us a claim in equity. On this phase of the controversy our only question is whether or not the plaintiff was entitled to contribution. Upon principle and authority we have decided that it was not.

The judgment in each case is affirmed.