**Douglas Lee CURTIS, Plaintiff,**

v.

**HARMON ELECTRONIC, I.NC., Defendant.**

**The DENVER & RIO GRANDE WESTERN RAILROAD, Defendant, Third-Party Plaintiff and Appellant,**

v.

**DeWAYNE CONSTRUCTION COMPANY, Third-Party Defendant and Respondent.**

**No. 14354.**

Supreme Court of Utah.

July 9, 1976.

---

6. L.Utah 1957; 78–45–3, 4.

7. 78–45–2(4).

E. Craig Smay, Van Cott, Bagley, Cornwall & McCarthy, Salt Lake City, for defendant, third-party plaintiff and appellant.

Kim R. Wilson, Worsley, Snow & Christensen, Salt Lake City, for third-party defendant and respondent.

HENRIOD, Chief Justice:

Appeal from a dismissal of an action against DeWayne,[1] employer of Curtis,[2] by the Railroad,[3] on a joint tort-feasor contribution theory. Affirmed with costs to DeWayne.

Curtis, in the course of his employment by DeWayne, was injured while riding in a vehicle as a passenger with a co-worker, who drove broadside into one of the Railroad's freight cars. Curtis sued Harmon Electronic, Inc., and the Railroad (not DeWayne), on theories of defective product (signals) liability and negligent train operation liability respectively. The latter was allowed to join DeWayne as third-party defendant, apparently on a theory claiming a right of contribution based on joint negligence under the joint tort-feasor act (see below).

The only question here is whether the Workmen's Compensation Act,[4] under which Curtis has been paid, preempts any other recovery by anyone else against his employer, based on a theory that such employer, as respondeat superior and the Railroad may have been joint tort-feasors and beneficiaries or losers under the provisions of Title 78–27–39, et seq., U.C.A.1953, as amended (see Vol. 9, 1975 Pocket Supp., pp. 59 and 60).

The Railroad concedes that there are no Utah cases on the subject, and candidly volunteers that "courts of other jurisdictions"[5] might agree with DeWayne that the Workmen's Compensation Act[6] insulates against the claim of the Railroad.

Under the act, the employer has no defense he can assert, and any tort liability or complete freedom therefrom on the part of an employer is not issuable or assertable, which is the reason, no doubt, why DeWayne was not named as a defendant. Besides, he cannot be a joint tort-feasor because his liability is quite different than that of a third party.[7]

1. Third-party defendant.

2. Plaintiff.

3. Defendant.

4. Title 35–1, U.C.A.1953.

5. *Employers Mutual v. Griffin Const.*, 280 S.W.2d 179, 53 A.L.R.2d 967 (Ky.1955); Larson, Law of Workmen's Compensation, Sec. 76–21 (1970).

6. Title 35–1, U.C.A.1953.

7. Footnote 5, supra.

The act, under 35–1–60, paraphrased, says that "the right to recover compensation . . . for injuries sustained . . . shall be the exclusive remedy against the employer . . . and the liabilities of the employer imposed by this act shall be in place of any and all other civil liability whatsoever, . . . and no action at law may be maintained against an employer . . . based upon any . . . injury . . . of an employee."

In view of this clear interdiction, and in light of the letter and spirit,[8] magnitude and almost all-encompassing declaration of rights and remedies under the act, it would seem that no good purpose would be served in reporting the provisions of the tort-feasor contribution provisions of 78–27–39, et seq., (supra), urged by the Railroad, save to refer to them, and to say that we cannot accept the gratuitous suggestion of the Railroad that there may be significance in the dates of passage of the two acts, with a hint that one impliedly may have repealed the other.

CROCKETT and TUCKETT, JJ., concur.

ELLETT, Justice (concurring in result):

I agree that it is not necessary to make DeWayne Construction Company, employer of the plaintiff, a party to this action. The percentage of its negligence (which seems to be great) can be determined without its being a party to the cause.

Its negligence and the amount thereof is necessary however, in arriving at the proper judgment against the two remaining defendants.[1] A judgment against those defendants will determine what the percentage of any judgment against them will be; and in case one defendant is compelled to pay more than its share, the statute on

contribution among tort-feasors[2] would enable the proper adjustment to be made.

I do not agree that the driver of the truck in which plaintiff was riding cannot be a "joint tort-feasor" with the defendants. A jury may well find that he was negligent and that his negligence was a proximate cause of the accident.

I do agree that the comparative negligence law did not repeal the exemption from suit given an employer who furnishes workmen's compensation insurance.

In the instant matter there is no claim made by the railroad that the plaintiff himself was negligent, in any particular. Even if the employer of the plaintiff were left in the case, the result would not be changed from what it would be by leaving it out.

Suppose the court finds that the employer was 90 per cent negligent and each defendant was 5 per cent negligent. That finding can be made whether or not the employer is left in the case. If it is in the case, the court would not render any judgment against it because of the provisions of the statute regarding workmen's compensation.[3]

Since the negligence of each of the defendants is greater than that of the plaintiff, the plaintiff would recover a judgment against each defendant. However, the court would apportion the percentage of liability of each defendant to be 50 per cent for the reason that no judgment can be rendered against the employer of the plaintiff and the two defendants are equally at fault in causing the harm to the plaintiff.

Since the employer has no liability to the plaintiff it was immaterial whether or not it was brought into the case. The judgment of the trial court was proper and I therefore concur in affirming it. However, since no judgment could have been

8. *Cook v. Peter Kiewit*, 15 Utah 2d 20, 386 P.2d 616 (1963).

1. 78–27–38, U.C.A.1953; (Ch. 209, Sec. 2, L.Ut.1973).

2. 78–27–40, 41, U.C.A.1953; (Ch. 209, Secs. 3 and 4, L.Ut.1973).

3. 35–1–60, U.C.A.1953.

rendered against the employer, I can see no reason for this appeal and so I would not award any costs in the matter.

MAUGHAN, Justice (concurring):

In concurring, I reserve for future determination the following issue: Whether an employer who may have been negligent, concurrently causing the injuries to the employee, is entitled to reimbursement for compensation payments, pursuant to 35–1–62(2), U.C.A.1953.