Janet K. PHILLIPS, William Lloyd Phillips, Jr., Timothy James Phillips, and Michael Tracy Phillips, Mitzi Elaine Phillips and David Wayne Phillips, minors, Plaintiffs and Respondents,

v.

UNION PACIFIC RAILROAD COMPANY, a corporation, Defendant, Third Party Plaintiff and Appellant,

v.

HAMMARY FURNITURE COMPANY and Darrell Eugene Parham, Third Party Defendants and Respondents.

No. 16637.

Supreme Court of Utah.

June 19, 1980.

Steven A. Goodsell and Dennis V. Haslam, Salt Lake City, for defendant, third party plaintiff and appellant.

Jay E. Jensen, Salt Lake City, for plaintiffs and respondents.

GOULD, District Judge:

Plaintiff's decedent (Phillips) was killed when the vehicle in which he was riding collided with the defendant's (Union Pacific Railroad Company) train. Plaintiff's decedent's vehicle was being driven by a fellow employee (Parham). Both Phillips and Parham were residents of North Carolina, as was their employer (Hammary). Plaintiffs brought this action for wrongful death against defendant railroad. Defendant railroad moved to join Parham (driver) and Hammary (employer) as third parties, seeking contribution. The trial court dismissed the third-party complaint and defendant railroad appeals.

We affirm.

The case is governed by our earlier decision in *Curtis v. Harmon*, Utah, 552 P.2d 117 (1976). We are, however, asked by the appellant to re-examine our decision in *Curtis*. Upon re-examination, we find no compelling reason to reverse our decision in *Curtis*.

■ There can be no contribution between the defendant railroad and Hammary and Parham, because they cannot be joint tortfeasors. See 2A *Larsen on Workmen's Comp.* 295, Sec. 76.20 Contribution. Their respective liabilities are grounded upon different social issues sought to be recognized by the Legislature when it adopted legislation dealing with Workmen's Compensation. Our statute defines a joint tort-feasor as one of two or more persons jointly or severally *liable in tort* for the same injury. The liability of the employer is not tort liability at all, but only requires that the injured employee be in the course and scope of the employment. Further, to allow contribution would only permit indirectly that which cannot be done directly, i. e., effectively permitting recovery by one employee against a fellow employee. The exclusive remedy provisions of both the Utah and the North Carolina Workmen's Compensation Acts, along with the cases interpreting those provisions, make it clear that an employer's only liability for injuries sustained by an employee is the extent of benefits under the Act. Additional exposure through the indirect method of a third-party action would be a blatant violation of expressed legislative policy.

The case of *Curtis v. Harmon,* supra, clearly explains our refusal to permit the joinder of the employer, Hammary. However, that case may not sufficiently explain the reason we must also extend the ban on joinder in the present case to Parham as an individual. In any event, the reason for such a ban is to be found in the statutory laws of both Utah and North Carolina.

■ Utah law, while expressly permitting independent, common-law actions against third persons whose acts or omissions contributed to the injury in question, in addition to recovery from the employer under the provisions of the Workmen's Compensation Act, states that such third persons must not be "in the same employment." [1] Inasmuch as Parham and plaintiff's decedent were fellow employees of Hammary at the time of the accident, the statute would prohibit a third party action against Parham directly. Applying the reasoning of *Curtis v. Harmon* to this statutory provision, it follows that defendant is similarly prohibited from joining Parham as a joint tortfeasor for purposes of contribution.

It is arguable, however, that the Utah limitation should not apply in the present action. Utah's Workmen's Compensation Act provides that it shall have no application to an employee hired out of state and injured while within the state only temporarily, where the workmen's compensation laws (or laws of a similar nature) of another state apply to grant the employee relief from his employer. [2] As hereinabove noted, plaintiff's decedent was employed in North Carolina, under the laws of which state plaintiffs obtained workmen's compensation benefits. Such being the case, it might be said that the Utah limitation provision regarding suits against third parties does not apply.

The assertion is academic, however, as North Carolina law similarly limits independent actions against fellow employees who may be liable for injury otherwise compensable under workmen's compensation provisions. North Carolina's Workmen's Compensation Act is expressly made the exclusive remedy for death or personal injury as against an employer "or those conducting his business." [3] The impact of this enactment, like that cited from the Utah Act, is to prohibit independent actions against fellow employees where workmen's compensation is granted.

Hence, under the laws either of Utah or of North Carolina, defendant may not join Parham as a joint tortfeasor.

CROCKETT, C. J., and MAUGHAN, HALL and STEWART, JJ., concur.

WILKINS, Justice, having disqualified himself, does not participate herein.

---

1. U.C.A., 1953, 35–1–62.

2. U.C.A., 1953, 35–1–55.

3. North Carolina General Statutes, § 97–9.