**HIGHWAY CONSTRUCTION COMPA-NY, a corporation, Appellant,**

v.

**John MOSES, Appellee.**

**Nos. 72–1658 to 72–1660.**

United States Court of Appeals, Eighth Circuit.

Submitted April 11, 1973.

Decided Sept. 5, 1973.

**813**

BRIGHT, Circuit Judge.

Highway Construction Company appeals a decision of the district court for the District of South Dakota ordering appellant to indemnify its employee, John Moses, for expenses of attorneys' fees incurred by him in the defense of a negligence action brought by three fellow employees. Applying the laws of South Dakota to this diversity action, we reverse.

The parties present this appeal on an agreed statement of the case pursuant to F.R.A.P. Rule 10(d), consisting of a memorandum opinion of the trial court resolving the liability issues in the underlying action brought by the injured employees against Moses and others. As the facts appear, on June 18, 1968, appellee-Moses was operating a truck-mounted crane laying reinforcing steel bars in the roadbed of a South Dakota highway when he signalled the truck driver to move forward. The boom of the crane struck an overhead power line, sending high voltage current through Moses' coworkers who were engaged in handling the steel bars. These workers sustained severe electrical burns.

The injured parties brought suits against several defendants including, besides Moses, the manufacturer of the crane, the Rural Electrification Association cooperative that owned the power line, several employees of the South Dakota State Highway Department, and Peter Kiewit Sons Co., which had been supervising the construction contract being performed by its subsidiary, Highway Construction Company. The trial court found Peter Kiewit Sons primarily liable for the accident and listed it as 76 percent negligent. John Moses' negligence was found to have contributed eight percent to the accident.[1] The

Timothy J. Nimick, Woods, Fuller, Schultz & Smith, Sioux Falls, S. D., for appellant.

Charles E. Carrell, Rapid City, S. D., for appellee.

Before GIBSON, BRIGHT and ROSS, Circuit Judges.

1. The trial court stated in its memorandum opinion:

The high-voltage power line which the crane struck was within Moses' visual capacity. Moses, by audible signal, directed Cooper [truck driver] to move the truck and crane forward at a time when the required movement cannot be made without bringing the crane into contact with the power line. By such acts of omission and commission Moses permitted the crane boom to come into contact with the energized power line, thus constituting negligence on the part of Moses, which acts were a direct and proximate cause of the accident.

tort actions were ultimately settled for an amount in excess of $500,000, the bulk of which was paid by Peter Kiewit Sons. Though Moses contributed no money to the settlements, he claims to have incurred legal fees in the sum of more than $19,000, and has brought these actions by way of a cross-claim in each suit against his employer for reimbursement on the theory of indemnification.

The district court granted Moses the relief requested and, in its original opinion, held:

> Because defendant Moses was in the scope of his employment and his negligent acts were committed in the furtherance of Highway Construction Company business, and because Highway Construction Company neglected to use ordinary care in that they selected an inexperienced culpable employee, the doctrine of respondeat superior governs in this instance, and Moses will be indemnified in full by Highway Construction Company.

When the case first came before this court, we remanded to the trial court for an amplification of the basis for its holding on this issue.[2] In a supplementary memorandum opinion, the trial court added only this comment:

> [I]t was the opinion of this Court that the total combination of negligent acts on the part of the employer, Highway Construction Company, were so grossly negligent or blameworthy in comparison to the negligence of the employee, John Moses, that principles of fairness and equity demanded that John Moses be indemnified in full by Highway Construction Company.

■ Although we reverse this case, we find ourselves agreeing with what seems to be the basic philosophy underlying the district court's decision. The economic consequences of industrial accidents ought properly to rest on the employer's shoulders and the employer should provide indemnity-type insurance to protect his employees from claims for damages arising from the conduct of the

2. In particular, the trial court was invited to discuss the applicability of certain South Dakota statutes to the indemnity controversy which, appellee argued in its original brief, mandated indemnification. By its terms, S.D. Compiled Laws Ann. § 60–2–1 (1967), specifies that:

> An employer must indemnify his employee, except as provided in § 60–2–2 for all that he necessarily expends or loses in direct consequence of the discharge of his duties as such, or of his obedience to the direction of the employer, even though unlawful, unless the employee at the time of obeying such directions believed them to be unlawful.

The exceptions to § 60–2–1 are listed in § 60–2–2, which states:

> An employer, except as otherwise specially provided, is not bound to indemnify his employee for losses suffered by the latter in consequence of the ordinary risks of the business in which he is employed, nor in consequence of the negligence of another person employed by the same employer in the same general business, unless he has neglected to use ordinary care in the selection of the culpable employee.

And an additional basis for indemnification is found in § 60–2–3, which provides:

> An employer must in all cases indemnify his employee for losses caused by the former's want of ordinary care.

In its supplementary opinion, however, the trial court rejected §§ 60–2–1 and 60–2–3 as inapplicable to the case at bar, resting its opinion on other grounds and concluding:

> After considerable study and research of the above statutes it is the opinion of this Court that the above statutes are not applicable to the resolution of the indemnity controversy. The above statutes and the South Dakota case law would not allow an employee to claim indemnity from his employer for the legal consequences of negligent acts which cause injury to a third person.

Given the opportunity to submit a supplementary brief in view of the trial court's amplified opinion, appellee-Moses did not contest and apparently acquiesces in the trial court's view of §§ 60–2–1 and 60–2–3. Since appellee has cited no cases and we have found none contrary to the trial court's construction of the statutes, its views must be sustained in light of the "special weight" accorded the determination of local law by a federal district judge in a diversity action. *See* Luke v. American Family Mutual Insurance Co., 476 F.2d 1015, 1019 n. 6 (8th Cir. 1972).

work, including claims for injuries by fellow employees. But such an end is not ours to compel, for we do not write on a clean slate in this diversity action.

We begin our analysis with an examination of the underlying causes of action. The injured workmen could not, under South Dakota law, sue their employer, Highway Construction Company, because the company provided workmen's compensation coverage. S.D. Compiled Laws Ann. § 62–3–2 (1967). The employer's immunity from suit by his employees, however, does not extend to immunize a personally negligent employee from suit by coworkers whom he has injured. Wilson v. Hasvold, 194 N. W.2d 251, 254 (S.D.1972). Thus, Moses found himself a defendant in the tort action, while his employer was not. In addition, neither Moses nor any of the other defendants could seek contribution from Highway Construction Company. At common law, of course, no right of contribution existed among joint tortfeasors. But while that rule has been abrogated by statute in South Dakota, S.D. Compiled Laws Ann. § 15–8–12 (1967), the Supreme Court of South Dakota has made it clear that the right to contribution is determined by whether there is joint or several *liability* rather than by the presence of joint or concurring negligence. Hence there can be no right to contribution unless the injured party has a possible remedy against both tortfeasors. Burmeister v. Youngstrom, 81 S.D. 578, 139 N.W.2d 226, 231 (1966). It is universally held that an employer who is immune from a tort action brought by an injured employee under the workmen's compensation statutes could not therefore be compelled to contribute. *See* Annot., 53 A.L.R.2d 977 (1957).

A distinction exists between actions for contribution and actions for indemnity as between joint tortfeasors. One tortfeasor may call on the other for indemnification if the latter be deemed primarily or solely liable for the damages sustained by a third party. The general circumstances in which recovery of indemnity among joint tortfeasors has been permitted under common law have been outlined by the Minnesota Supreme court in Hendrickson v. Minnesota Power and Light Co., 258 Minn. 368, 104 N.W.2d 843, 848 (1960):

A joint tortfeasor may generally recover indemnity only in the following situations:

(1) Where the one seeking indemnity has only a derivative or vicarious liability for damage caused by the one sought to be charged.

(2) Where the one seeking indemnity has incurred liability by action at the direction, in the interest of, and in reliance upon the one sought to be charged.

(3) Where the one seeking indemnity has incurred liability because of a breach of duty owed to him by the one sought to be charged.

(4) Where the one seeking indemnity has incurred liability merely because of failure, even though negligent, to discover or prevent the misconduct of the one sought to be charged.

(5) Where there is an express contract between the parties containing an explicit undertaking to reimburse for liability of the character involved.

Many cases suggest that indemnity is granted where there is a great disparity in the degree of fault of the parties. This may be a satisfactory rationalization of the results. However, this court has not relied upon such rationale, and the Minnesota cases are equally explicable by the more specific principles stated above.

*See generally,* W. Prosser, Law of Torts 279–81 (3d Ed. 1964).

Although, as we have noted, Moses incurred expenses for attorneys' fees and not in payment of any claims made against him by his injured fellow employees, Moses asserts that the right of indemnity, if extant, applies to these attorneys' fees. *See* Job v. Grand Electric

Co-operative, Inc., 295 F.Supp. 872, 875 (S.D.1969). For the purpose of this appeal, we accept appellee's contentions regarding attorneys' fees and turn to the application of principles of indemnity to this case. Neither party cites any South Dakota cases, and our research discloses none, applying principles of indemnity in an analogous employer-employee relationship, and, indeed, appellee-Moses cites no cases at all in support of the ruling of the trial court.

■ Moses seeks indemnity on two alternate grounds: (1) that as an employee acting in furtherance of the business of his employer and under the employer's control and direction, he is entitled to indemnity; and (2) that the great disparity in the degree of fault of the parties compels indemnity. Neither theory has merit.

As to the first ground, the Restatement of Restitution § 90 (1962), states the applicable rule as follows:

A person who, at the direction of and on account of another, has done an authorized act because of which both are liable in tort, is entitled to indemnity from the other for expenditures properly made in the discharge of such liability, if he acted in reliance upon the lawfulness of the direction, and, as between the two, his reliance was justifiable.

Here there has been no showing of any reliance by Moses upon a specific direction of his employer. Highway Construction Company did not direct that the boom of the crane be driven into the electric line. Essentially, the record shows the performance of work by an employee, his negligent failure to keep a lookout in the direction of travel of his rig, and his contribution to the cause of an industrial accident. Indeed, at common law, the right of indemnity generally runs to the employer where the employer is without personal fault but is held liable through the doctrine of *respondeat superior*. *See* Restatement of Restitution § 96 (1962); Millard v. Baker, 76 S.D. 529, 81 N.W.2d 892, 893

(1957). The record does not support an award of indemnity based upon appellee's theory.

Appellee's second ground is equally unsupportable. The trial court stated that "principles of fairness and equity" demanded indemnity because of the disparity in fault between the company and its employee, Moses. We cannot accept this conclusion. The district court made no specific findings of negligence against Highway Construction Company, but characterized its conduct in its supplementary memorandum as "grossly negligent or blameworthy in comparison to the negligence of the employee, John Moses." Since Highway Construction Company seems to have operated somewhat as a shell corporation of Peter Kiewit Sons, delegating its supervisory duties to the parent, the trial court probably attributed the negligence of Peter Kiewit Sons Co. to Highway Construction Company. Assuming this attribution to be correct, we could still not affirm, because the notion of indemnification based upon disparate degrees of fault finds no support in any South Dakota case law. Moreover, our reading of Degen v. Bayman, 200 N.W.2d 134 (S.D.1972), seems to mandate a result contrary to the position asserted by the trial court and espoused by appellee.

In *Degen*, the plaintiff, a water skier, sustained injuries when the operator of a motorboat started his motor in reverse gear and backed into the plaintiff. Plaintiff obtained a substantial verdict against the boat operator and also against the manufacturer of the boat motor, the latter on the theory that minor changes in design known to the manufacturer could have prevented starting the motor in any gear but neutral. The boat operator recovered indemnity from the manufacturer at the trial court, but, on appeal, the state supreme court reversed, stating:

If a person seeking indemnity personally participates in an affirmative act of negligence, or is physically connected with an act of omission by knowledge or acquiescence in it on his part,

or fails to perform some duty in connection with the omission which he has undertaken, he is deprived of the right of indemnity. [200 N.W.2d at 137.]

In illustrating this rule, the South Dakota court referred to cases in which failure of lookout—much the sort of negligent conduct engaged in by Moses—barred indemnity against a joint tortfeasor. *See, e. g.,* South Austin Drive-In Theatre v. Thomison, 421 S.W. 2d 933 (Tex.Civ.App.1967). The *Degen* court rejected the thesis that indemnity will lie solely because of disparity of fault between joint tortfeasors and emphasized the all-or-nothing nature of indemnity. This form of total restitution applies only where the one held liable is *without personal fault,* in contrast to the rules of contribution where the burden of liability is shared in proportion to the degree of fault. As the *Degen* court pointed out:

> [B]efore a joint tortfeasor can shift one hundred percent of the recovery upon another joint tortfeasor, he must show a proportionate absence of contributing negligence on his part. [200 N.W.2d at 137.]

This circuit has observed in an earlier diversity case governed by South Dakota law that the obligation for indemnity is not measured by the relative magnitude of a tortfeasor's negligence between tortfeasors, but rather by examination of their relative duties and the liability arising out of those duties. Associated Engineers, Inc. v. Job, 370 F.2d 633, 648–649 (8th Cir. 1966). Here, Moses failed in the exercise of his duty to keep a proper lookout for obstructions in the movement and direction of travel of his crane. This conduct is fully as culpable as the sort of conduct which the *Degen* court found sufficient as a disqualification for indemnity and which it described in these terms:

> Viewed most favorably, Bayman's conduct consisted of not less than acts of omission in his duty to plaintiff which contributed to the proximate cause of

the injury. His negligence was more than passive or vicarious. Being in pari delicto, he was in no position to shift the entire liability to Outboard Marine [manufacturer]. Indemnity was not an issue and the trial court should have dismissed Bayman's claim therefor. [200 N.W.2d at 138.]

Finding no legal basis under South Dakota law to sustain the judgment in this case, we must reverse.