Gale HARN

v.

STANDARD ENGINEERING COMPANY

v.

ROYAL INDUSTRIES, INC., a/k/a Royal Industries, Hutchison Division, formerly known as Hutchison Mfg. Co. of Clay Center, Kansas

v.

L. J. LUNDT et al.

Civ. No. 73-3051.

United States District Court, D. South Dakota.

July 26, 1976.

Robert D. Hofer, Pierre, S.D., Fredric R. Cozad, Martin, S.D., for plaintiff.

Ellsworth E. Evans, Sioux Falls, S.D., Stanley E. Siegel, Aberdeen, S.D., Arlo D. Sommervold, Sioux Falls, S.D., Douglas R. Bleeker, Mitchell, S.D., Chester A. Groseclose, Jr., Aberdeen, S.D., for defendants.

MEMORANDUM OPINION

BOGUE, District Judge.

Plaintiff in this action lost his left arm when it became entangled in the shaft of a grain auger. The complaint alleges strict liability in tort, and negligence in the design and manufacture of the auger against Defendant Standard Engineering Company. Defendant Standard Engineering filed a Third Party Complaint against Royal Industries, Inc., alleging that Royal manufactured the auger in question. The Third Party Complaint seeks indemnity and, alternatively, contribution from Royal.

Royal Industries, Inc. in turn filed a Fourth Party Complaint against L. J. Lundt, Lee Schoenhard and Dale R. Cook. The Fourth Party Complaint alleges that Royal sold the auger in question to Dale R. Cook, d/b/a Cook Implement, who then sold it to L. J. Lundt and Lee Schoenhard.

Fourth Party Plaintiff Royal alleges that Cook, Lundt and Schoenhard negligently assembled, used, maintained and altered the grain auger. The Fourth Party Complaint seeks full indemnity and, alternatively, contribution from each of the three Fourth Party Defendants.

The answer of Fourth Party Defendant L. J. Lundt alleges, *inter alia*, that the Plaintiff was employed by Lundt at the time of the injury and that, since Plaintiff's sole remedy against Lundt is under Workmen's Compensation, the Fourth Party Plaintiff Royal has no claim against Lundt upon which relief can be granted. Another Fourth Party Defendant, Dale R. Cook, filed a Cross-Claim against Lundt and Lundt also answered the Cross-Claim by pointing to provisions of South Dakota Workmen's Compensation laws, S.D.C.L. Title 62. Lundt re-urged these claims in his Pretrial Memorandum filed October 7, 1975, and again in a Motion to Dismiss the Fourth Party Complaint of Royal and Cook's Cross-Claim against him.

In support of his motions, Fourth Party Defendant Lundt has submitted a certified copy of the Workmen's Compensation file in the matter of Plaintiff Harn's injury. This file indicates that payment was made by Lundt's Workmen's Compensation Insurer to Plaintiff Harn. Fourth Party Plaintiff Royal, in its Memorandum in Response to Lundt's motion, does not dispute the fact of payment of Workmen's Compensation. Fourth Party Defendant Cook has not responded to Lundt's Motion to Dismiss its Cross-Claim. Accordingly, this Court finds that Lundt did pay a Workmen's Compensation claim to Harn, thus discharging any liability Lundt may have had directly to Harn. S.D.C.L. § 62–3–2. Thus, this Court turns to the issue of whether the payment of Workmen's Compensation by Lundt immunizes it from liability on the contribution and indemnity claims of Fourth Party Plaintiff Royal and Fourth Party Cross-Claimant Cook.

It is clear that Lundt may not be held liable for contribution to either Royal or Cook. *See Kessler v. Bowie Machine Works, Inc.,* 501 F.2d 617 (8th Cir. 1974). In South Dakota, contribution is allowed only between "joint tort-feasors." S.D.C.L. § 15–8–12. " 'Joint tort-feasors' means two or more persons jointly or severally liable in tort for the same injury to person or property." S.D.C.L. § 15–8–11. Since Lundt is not, by virtue of his Workmen's Compensation payment, liable to Plaintiff Harn, he is not a "joint tort-feasor" with either Royal or Cook and thus could not be compelled to contribute to any judgment against them.

The claims for indemnity, however, require a different resolution. The question whether an employer who has been discharged from direct liability to an injured employer may be required to indemnify a third party has apparently not been presented to the South Dakota Supreme Court. The Eighth Circuit Court of Appeals has, however, discussed South Dakota law on this issue in the case of *Highway Construction Company v. Moses,* 483 F.2d 812 (8th Cir. 1973). A close reading of that case indicates that an indemnity claim may properly be raised by a third party against an employer discharged from direct liability to his injured employee. There some workers were injured when a crane which their co-worker Moses was operating ran into a power line. The injured workers brought an action against Moses. Moses sought to be indemnified by the employer for attorney's fees and expenses incurred by Moses in defending the suit. The Court of Appeals denied the indemnity claim, holding that, since Moses was not acting at his employer's specific direction at the time he ran the crane into the power lines, and since Moses was not without personal fault, he was not entitled to indemnity on the grounds he urged. Before proceeding to the merits of the indemnity claim, the Court noted that no contribution could be had from the employer and distinguished contribution from indemnity. Indeed, the only difficulty expressed by the Court before proceeding to the merits of the indemnity was in making the assumption that one could be indemnified for attorney's fees as opposed to money paid in satisfaction of a claim. 483 F.2d 812 at 815–816.

Many of South Dakota's neighboring jurisdictions have concluded that an indemnity claim by a third party against an employer is not barred by Workmen's Compensation laws which discharge the employer from direct liability to his employee. *Dale v. Whiteman,* 388 Mich. 698, 202 N.W.2d 797 (1972); *Keefer v. Al Johnson Construction Co.,* 292 Minn. 91, 193 N.W.2d 305 (1971); *Blackford v. Sioux City Dressed Pork, Inc.,* 254 Iowa 845, 118 N.W.2d 559 (1963). *See also Hysell v. Iowa Public Service Company,* 534 F.2d 775 (8th Cir. 1976). *cf. Sayler v. Holstrom,* N.D., 239 N.W.2d 276 (1976). The case law in Minnesota is of particular interest, since the Minnesota legislature has now passed a statute precluding non-contractual indemnity in cases such as this. Minn.St. 176.061, subd. 10 (effective September 1, 1969). The Minnesota Supreme Court, however, rejected an attempt to apply that statute retroactively, and allowed third party indemnity claims against employers which arose before the effective date of the statute. *Cooper v. Watson,* 290 Minn. 362, 187 N.W.2d 689 (1971). *Keefer v. Al Johnson Construction Co., supra.*

The reasoning behind the foregoing cases is that an indemnity claim is not derivative of the employee's claim. Rather, indemnity is based on a set of facts warranting a conclusion that the indemnitor owes a distinct obligation or duty to the indemnitee. This obligation exists separate and apart from any liability which the employer as indemnitor might have had to his injured employee. *See Dale v. Whiteman, supra,* 202 N.W.2d 797 at 801–802 for a good discussion and collection of authorities on this point. In the judgment of this Court, South Dakota's Workmen's Compensation statutes do not warrant a departure from the generally accepted rule that indemnity could be had in this situation.

Fourth Party Defendant Lundt contends, however, that no set of facts could be proved which would support the indemnity claims against him. For purposes of ruling on this motion, of course, every allegation in the claims against Lundt must be taken as true, and the claims may be dismissed only if no set of facts could conceivably be proved which would entitle the claimants to relief. *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

Under *Degen v. Bayman,* 86 S.D. 598, 200 N.W.2d 134 (1972), one who is without personal fault may seek indemnity from another who breached a duty of care to the injured person. *See also Highway Construction Company v. Moses,* 483 F.2d 812, 815 (8th Cir. 1973). In the instant case, Royal's Fourth Party Complaint and Cook's Cross-Claim both allege that Lundt negligently altered the auger and both deny any negligence on the part of the respective claimants. These allegations are sufficient to pass muster under *Degen v. Bayman, supra,* for purposes of a motion to dismiss.

Accordingly, the motion of Fourth Party Defendant Lundt to dismiss the Fourth Party Complaint of Royal and the Cross-Claim of Cook will be granted insofar as Royal and Cook seek contribution, and denied insofar as they seek indemnity.

The preceding shall constitute this Court's findings of fact and conclusions of law.