DARDANELLA FINANCIAL CORPORATION, a South Dakota corporation, and Lee O. Rensberger, Plaintiffs and Appellants

v.

HOME FEDERAL SAVINGS AND LOAN ASSOCIATION OF SIOUX FALLS, by merger First Federal Savings And Loan Association of Sioux Falls, and Silver Valley, a Co-Partnership, Defendants and Appellees.

FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF SIOUX FALLS, now Home Federal Savings and Loan Association of Sioux Falls, Plaintiff and Appellee,

v.

DARDANELLA FINANCIAL CORPORATION, a South Dakota corporation; Lee O. Rensberger; Defendants and Appellants;

Betty Lou Rensberger; Forest Home Cemetery Association; Minnehaha County, South Dakota; and the City of Sioux Falls, a municipal corporation, Defendants.

Nos. 15131, 15132.

Supreme Court of South Dakota.

Considered on Briefs May 23, 1986.

Decided Sept. 3, 1986.

James R. Myers of Simons, Gibbs, Feyder & Myers, Sioux Falls, for plaintiffs and appellants.

G.J. Danforth Jr. of Danforth, Danforth & Johnson, Sioux Falls, for appellee Home Federal Sav. and Loan of Sioux Falls.

Scott G. Hoy of Swanson, Carlsen, Carter, Hoy & Anderson, Sioux Falls, for appellee Silver Valley.

DOBBERPUHL, Circuit Judge.

This is a consolidated appeal from a summary judgment granted in favor of Home Federal Savings and Loan Association (Home Federal) in a mortgage foreclosure action (# 15132) and from an order quashing a motion made by Dardanella Financial Corporation and Lee O. Rensberger (appellants) to extend the period of redemption (# 15131). We affirm.

## FACTS

On January 23, 1979, appellants executed a promissory note to First Federal Savings and Loan Association (First Federal). A 180–day redemption mortgage securing the loan and covering 320 acres of real property was executed the same day. On July 13, 1979, First Federal and appellants executed a short statutory mortgage, SDCL 44–8–3, covering the same property. Both mortgages were duly recorded.

Default on the loan occurred in mid–1981. First Federal then instituted an action of foreclosure for both mortgages. Summary judgment was granted in First Federal's favor on December 21, 1982. The 320 acres of real property were sold at public auction by the sheriff on January 11, 1983. First Federal purchased the property at the sheriff's sale.

On February 17, 1983, appellants perfected an appeal to this court charging that an excessive rate of interest was being imposed during the redemption period. Prior to this court's decision on July 11, 1984, *First Federal Savings & Loan Ass'n v. Dardanella Financial Corp.*, 351 N.W.2d 460 (S.D.1984), several important things happened. First Federal merged into Home Federal, thus accounting for the name change. The one-year redemption period expired on January 11, 1984. A sheriff's deed was issued on January 12, 1984, to Home Federal pursuant to SDCL 21–47–24. Home Federal then sold the property to Silver Valley on February 23, 1984.

On January 9, 1985, after the remand to the circuit court, appellants made a motion to extend the redemption period. On January 10, 1985, appellants commenced action # 15132 praying for an accounting as to the sale of lots on the foreclosed property, an extension of the redemption period, and a declaration that appellants were entitled to redeem the property upon tender of the amounts found by the court to be due and owing. The trial court granted a summary judgment in favor of Home Federal and entered an order quashing appellants' motion to extend the period of redemption.

## DISCUSSION

Appellants argue that the redemption period should be extended because there was no opportunity to redeem the property using the correct interest rate for calculations.

"The right of redemption is statutory, and can be exercised only within the period and in the manner prescribed by law[.]" *Rist v. Andersen*, 70 S.D. 579, 582, 19 N.W.2d 833, 835 (1945). "It is not within the province of the courts to enlarge or restrict the statutory right of redemption." *Rist v. Hartvigsen*, 70 S.D. 571, 576, 19 N.W.2d 830, 832 (1945).

Appellants had one year from the January 11, 1983, sheriff's sale to redeem the property. SDCL 21–52–11. They failed to do so and thus lost their right of redemption.

The redemption period can be extended in certain instances. These instances are set forth in SDCL 21–52–13:

If at or prior to the expiration of one year from the date of sale, any redemptioner shall make all of the following payments:

(1) All taxes due on the land and any other sums paid by the purchaser to protect his interest in the property including the payment of insurance premiums, installments of principal or interest upon a superior lien, together with interest at the legal rate from the date of the payment of any of such sums;

(2) All interest due on the mortgage or judgment at the date of sale;

(3) Repealed by SL 1981, ch 171;

(4) Interest upon the principal of the mortgage, or the amount of the judgment, for one year from the date of sale and in addition for one year in advance, at the legal rate in the case of a judgment, and at the rate originally provided for in the mortgage before maturity in case of mortgages;

(5) All costs of foreclosure, if made by advertisement, and all costs of sale if made on general or special execution;

then the time of redemption shall be extended for an additional one year from the expiration date of the initial one-year redemption period, and such extension shall operate in favor of all redemptioners.

Such payment shall be evidenced by the certificate of the sheriff or holder of the certificate of sale, duly acknowledged, which shall be recorded in the office of the register of deeds where the certificate of sale was recorded, and such certificate, or the record thereof, or a certified copy of the record, shall be conclusive proof of such payment.

The record is void of any evidence that appellants complied with SDCL 21–52–13. Therefore, the redemption period was not extended.

Appellants had other options in this case. They could have filed a supersedeas bond under SDCL 15–26A–25. They failed to do this. Appellants could have petitioned this court for special relief under SDCL 15–26A–39. Appellants chose not to do so and lost this right.

The court has reviewed the other issues raised by appellants and find them without merit. The judgment of the trial court is affirmed.

All the justices concur.

DOBBERPUHL, Cir.J., for SABERS, J., disqualified.