2001 SD 45

**Darcy D. VanGORP, Plaintiff and Appellee,**

v.

**Charles L. SIEFF, Defendant and Appellant.**

**No. 21663.**

Supreme Court of South Dakota.

Considered on Briefs March 19, 2001.

Decided April 11, 2001.

Scott Perrenoud, Michael A. Henderson, Cadwell, Sanford, Deibert & Garry, Sioux Falls, South Dakota, for plaintiff and appellee.

Clair R. Gerry, Stuart, Gerry & Schlimgen, Sioux Falls, South Dakota, for defendant and appellant.

GILBERTSON, Justice.

[¶ 1.] A mortgage upon the residence of Charles L. Sieff was foreclosed pursuant to SDCL chapter 21–49, known as the 180 Day Redemption Mortgage Act. Darcy D. VanGorp purchased the redemption rights of a junior lien holder, redeemed within the 180–day time limit, and received a sheriff's deed to the property. This forc-

ible entry and detainer action was initiated because Sieff refused to vacate the property. The circuit court entered judgment for VanGorp, finding that Sieff's right of redemption had expired. We affirm.

## FACTS AND PROCEDURE

[¶ 2.] On September 15, 1992, Sieff executed a mortgage in favor of Rich Brothers, Co. (Rich Brothers). That mortgage was foreclosed on November 15, 1999 pursuant to SDCL chapter 21–49. At the sheriff's sale, Rich Brothers purchased the property for $38,663.57. A certificate of sale was filed with the Minnehaha County Register of Deeds on December 3, 1999, thereby commencing the 180–day redemption period under SDCL chapter 21–49.

[¶ 3.] On May 31, 2000, the 180th day, VanGorp purchased a right of redemption from Accounts Management, Inc., a lien holder junior to Rich Brothers. That same day, he exercised his right of redemption by paying $51,312 to the Minnehaha County sheriff. This figure represented the amounts owed to Rich Brothers and two other lien holders who had previously redeemed the property. A sheriff's deed was issued to VanGorp on June 6, 2000. Several days after the 180–day period expired, Sieff attempted to redeem the property. Because more than 180 days had passed since the sale, the sheriff would not accept payment. Sieff also offered to buy the property from VanGorp, but no agreement was ever reached.

[¶ 4.] Although Sieff did not redeem the property within the 180–day redemption period, he continued to occupy the residence. On June 13, 2000, VanGorp commenced this action for forcible entry and detainer. In his answer, Sieff claimed he was entitled to an additional fifteen days during which to redeem pursuant to SDCL 21–52–7. The circuit court entered judgment for VanGorp, finding that SDCL chapter 21–49 was an exclusive foreclosure method and therefore the rights conveyed under SDCL 21–52–7 did not apply to

these proceedings. On appeal, Sieff raises the following three issues.

1. Whether Sieff was entitled to an additional fifteen days to redeem the property.
2. Whether the circuit court abused its discretion in failing to fashion an equitable remedy.
3. Whether the circuit court erred by not entering findings of fact and conclusions of law.

## STANDARD OF REVIEW

[¶ 5.] We review questions of statutory interpretation under the de novo standard, giving no deference to the circuit court's conclusions. *Steinberg v. State Dept. of Military and Veterans Affairs,* 2000 SD 36, ¶ 6, 607 N.W.2d 596, 599. A circuit court's decision as to an equitable remedy is reviewed only for abuse of discretion. *Englehart v. Larson,* 1997 SD 84, ¶ 12, 566 N.W.2d 152, 155.

## ANALYSIS AND DECISION

[¶ 6.] **1. Whether Sieff was entitled to an additional fifteen days to redeem the property.**

[¶ 7.] The foreclosure action brought by Rich Brothers was commenced under SDCL chapter 21–49, the 180 Day Redemption Mortgage Act. Under this chapter, the redemption period is shortened to 180 days, rather than the customary one-year period. *Compare* SDCL 21–49–38 *with* SDCL 21–52–11. To qualify for this shortened redemption period, the parties must agree, in the mortgage document, that the provisions of SDCL chapter 21–49 will govern. *See* SDCL 21–49–12. The mortgage at issue included such an agreement and there is no dispute that Sieff's property was properly foreclosed under SDCL chapter 21–49. After the foreclosure sale, the property may be redeemed within 180 days if the property is occupied, or within 60 days if the property has been abandoned. SDCL 21–49–38. SDCL 21–49–38 further provides: "[i]n no

event may redemption be extended beyond the period of one hundred eighty consecutive days, computed from the date the certificate is recorded." Sieff admits he did not redeem the property within the 180–day period.

[¶ 8.] In an attempt to avoid the effect of SDCL 21–49–38, Sieff claims he is entitled to an additional fifteen days after the expiration of the 180–day period, during which he, as owner of the property, may redeem. This contention is founded upon SDCL 21–52–7, which provides:

> The owner, his grantee, or successor in interest shall at all times have the final right to redeem after any and all redemptions as hereinafter provided shall have been made; and that right may be exercised by the owner, his grantee, or his successor in interest within fifteen days after the expiration of all other rights to redeem.

Sieff contends this statute extends the 180–day period under SDCL chapter 21–49. Additionally, Sieff notes that redemption statutes are to be liberally construed in favor of redemption. *See Muller v. Harrison,* 46 S.D. 295, 192 N.W. 750, 751 (1923).

[¶ 9.] In *Phipps v. First Federal Sav. & Loan,* 438 N.W.2d 814, 817 (S.D.1989), we held the protections of SDCL 21–47–8 (right to cure before judgment of foreclosure) did not apply in a foreclosure proceeding under SDCL chapter 21–49. We concluded that chapters "21–47, 21–48, and 21–49, are independent and complete in themselves." *Id.* In making that decision, we noted the amount of repetition between the three chapters as to the procedures for foreclosure. *Id.* (comparing SDCL §§ 21–47–3 and 21–49–17, which both allow the joinder of, and entry of judgment "against any person other than the mortgagor who is obliged under the mortgage debt."). Sieff attempts to distinguish the *Phipps* holding as it concerned only alternative foreclosure methods, while this case involves redemption. We are not persuaded.

[¶ 10.] While *Phipps* indeed dealt with alternative foreclosure methods, it properly recognized the independent nature of SDCL chapter 21–49. The repetition that served as the basis for our holding in *Phipps* is also apparent when chapter 21–52 is compared with the redemption provisions in chapter 21–49. Under both chapters, redemption is defined (§§ 21–49–31, 21–52–1) and waste is restrained (§§ 21–49–32, 21–52–2). There are provisions detailing who is entitled to redeem (§§ 21–49–33, 21–52–5), the payments necessary to redeem (§§ 21–49–34, 21–52–14), notice requirements (§§ 21–49–35, 21–52–16), contents of the certificate of redemption (§§ 21–49–36, 21–52–25, – 26), and providing the place where the certificate must be recorded (§§ 21–49–37, 21–52–27). We assume the Legislature did not intend to include duplicative, surplus language in its enactments. *Steinberg*, 2000 SD 36, ¶ 12, 607 N.W.2d at 601. Therefore, we must conclude the Legislature intended the provisions of SDCL chapter 21–49 to stand alone, separate and apart from the provisions contained in chapter 21–52. Any other conclusion would reduce large portions of chapter 21–49 to surplusage.

[¶ 11.] It is clear that the 180 Day Redemption Mortgage Act was intended to operate independently of SDCL chapter 21–52. It is also clear that under no circumstances will more than 180 days be allowed for any party to redeem the property foreclosed. *See* SDCL 21–49–38. As indicated, Sieff admits he did not redeem the property within the 180–day period. Therefore, his right of redemption expired.

[¶ 12.] Sieff's claim that we must liberally construe these statutes to allow redemption also fails. While we will liberally construe redemption statutes, we cannot construe them in such a manner as to disregard clear legislative intent. We have often stated that when the language of a statute is clear, we must simply "declare the meaning of the statute as clearly expressed." *Martinmaas v. Engelmann*,

2000 SD 85, ¶ 49, 612 N.W.2d 600, 611. SDCL 21–49–38 clearly prohibits redemption by any party beyond the 180th day. No amount of statutory construction, no matter how liberally construed, can override that clear pronouncement.

[¶ 13.] **2. Whether the circuit court abused its discretion in failing to fashion an equitable remedy.**

[¶ 14.] Sieff claims he is entitled to equitable relief. The right to redeem property previously foreclosed is purely statutory and "can be exercised only within the period and in the manner prescribed by law." *Dardanella Fin. Corp. v. Home Fed. Sav. & Loan*, 392 N.W.2d 834, 835 (S.D.1986). As previously discussed, Sieff did not properly exercise his statutory right of redemption. Furthermore, "[i]t is not within the province of the courts to enlarge or restrict the statutory right of redemption." *Id.* Only when there is evidence of fraud, collusion or deceit is a court allowed to extend a redemption period using its equity powers. *See Tudor Engineering Co. v. Mouw*, 109 Idaho 573, 709 P.2d 146, 148 (1985); *Johnson v. Smith*, 675 P.2d 307, 310 (Colo.1984); (*Miebach v. Colasurdo*, 35 Wash.App. 803, 670 P.2d 276, 286 (1983)); *Haskell v. Carey*, 294 Md. 550, 451 A.2d 658, 663 (1982). Sieff has not alleged any such conduct. Therefore, he is not entitled to any equitable remedy.

[¶ 15.] **3. Whether the circuit court erred by not entering findings of fact and conclusions of law.**

[¶ 16.] The circuit court did not issue findings of fact and conclusions of law in disposing of this case. Sieff contends that constitutes a violation of SDCL 15–6–52(a) and is reversible error. That statute applies only to "actions tried upon the facts...." SDCL 15–6–52(a). The only testimony at the hearing pertained to the equities of the situation. Since this

matter was essentially one of statutory interpretation, that testimony was irrelevant to the circuit court's determination. This action was not "tried upon the facts" and therefore, specific findings of fact and conclusions of law were not mandated by SDCL 15–6–52(a).

[¶ 17.] Judgment affirmed.

[¶ 18.] MILLER, C.J., and SABERS, AMUNDSON, and KONENKAMP, JJ., concur.